## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Estate of
Nelson Lynn McDaniel

v.

Terry L. May

April 23, 1999

Case No. CL98-241-01

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this case, a former spouse makes a claim against a decedent's estate for rent associated with the decedent's use and possession of property that the decedent and former spouse owned as co-tenants.

The decedent's heirs, or some of them, contend that the claim is barred by the doctrine of res judicata. They also contend, as does the administratrix of the estate, that the claim, or most of it, is barred by the statute of limitations.

### Background

Nelson Lynn McDaniel and Patricia Ann McDaniel, now Patricia Ann Wise, married in 1969. They acquired property in Doe Run Estates in 1985 as tenants by the entirety. They placed a mobile home on the property and lived there until their separation in 1987.

Wise filed suit for a no-fault divorce in February of 1990. During the pendency of the suit, McDaniel and Wise conveyed the Doe Run property to themselves "as joint tenants with right of survivorship as at common law." The divorce was final on April 19, 1990. The Doe Run property was not mentioned in the pleadings, depositions, or decree. There was no property settlement agreement.

McDaniel continued to live on the property until his death on September 21, 1996. He died intestate, survived by four children: Terry L. May, a

daughter born of his marriage with Wise; and three children of a previous marriage.

After McDaniel's death, Wise sold the property to Hoffman, apparently under the impression that she owned the property pursuant to the 1990 survivorship deed.

On January 21, 1997, McDaniel's three children of his previous marriage instituted a partition suit (# CH97-28) claiming ownership of their father's one-half interest in the Doe Run property. They joined Hoffman, Hoffman's mortgage company, and May. Hoffman filed a third party claim against Wise. May, as administratrix of McDaniel's estate, intervened in the suit.

The court held that the 1990 divorce of McDaniel and Wise extinguished survivorship in their co-tenancy under Virginia Code § 20-111 and converted it to a tenancy in common. Upon McDaniel's death, his one-half interest passed by operation of law to his four children in equal shares. Therefore, Hoffman acquired only Wise's one-half interest, and each of McDaniel's four children owned a one-eighth share.[2]

A final decree was entered in the partition suit on January 22, 1998.

Wise appealed. Finding "no reversible error," the Supreme Court denied the appeal (Record No. 980786) on July 29, 1998. Thereupon, the adjudications in the partition suit became final.

Meanwhile, May qualified as administratrix of McDaniel's estate and proceeded with administration. She caused a debts and demands hearing to be conducted on June 4, 1998, before the commissioner of accounts. The commissioner filed his report.

Then, on November 19, 1998, Wise submitted a claim of $29,810.00 to the estate "for rent on the [Doe Run] property ... that McDaniel occupied exclusively from May 1990 to September 1996."

The administratrix filed a petition asking the court to settle Wise's claim, to approve her accounts, and to discharge her upon distribution of the balance of the estate.

Arguments were heard on March 1, 1999. Counsel submitted memoranda. This opinion addresses the issues raised by Wise's claim against the estate.

---

[2] An escrow of Hoffman's purchase payment had been established. In the partition suit, the children agreed to look solely to the escrowed funds to satisfy their claims. The parties also agreed that if the children prevailed in the partition suit, the escrowed funds would be transferred to McDaniel's estate to be distributed to the heirs.

## Plea of Res Judicata

The doctrine of res judicata gives meaningful finality to judgments by declaring that matters of law and fact once adjudicated between the parties to a lawsuit cannot be judicially reconsidered. When a person sues another person on a particular claim, the final judgment in that lawsuit bars all future litigation as to matters of law and fact that have been determined. Bryson, *Virginia Civil Procedure* (3rd ed., 1997), pp. 478-79.

The heirs contend that in the partition suit the court made determinations of fact that cannot be reconsidered and that those established facts negate Wise's claim for rent.

In the partition suit, Wise testified regarding the purpose of the 1990 survivorship deed and the circumstances surrounding its execution. She said that the deed was intended as a property settlement, the purpose of which was to ensure that the parties' respective rights of survivorship survived the divorce. Further, she explained, because McDaniel was in poor health and seventeen years older, they agreed that he could continue to live there until his death. She presented other evidence, including testimony of May, in support of her position.

These facts were essential to Wise's claim in the partition suit regarding the purpose and circumstances of the 1990 deed, that is to say, essential to her effort to circumvent the impact of § 20-111. Although the court held that § 20-111 nevertheless applied so that the post-conveyance divorce extinguished survivorship, the court accepted Wise's version of the facts. Those factual determinations were not merely collateral or tangential, nor were they dicta. They were an integral part of that litigation.

The doctrine of res judicata precludes reconsideration of the factual determinations that were an integral part of the partition suit. Those factual determinations are binding on the parties and their privies.

Wise argues that the doctrine does not apply here because she was not really a party to the partition suit. She points out that she had sold her interest to Hoffman and for that reason the heirs made Hoffman, not her, a party defendant. She was joined by Hoffman as a third party defendant.

Her argument is without merit. She was a party in that litigation. She actively participated in the suit, taking a position adverse to the heirs and presented evidence against them. Wise and the heirs were "adverse parties" in all respects.

What is the consequence of the finality of the factual determinations made in the partition suit?

As noted above, Wise testified that she and McDaniel agreed, for reasons that she explained, that McDaniel could continue to live on the Doe Run property until his death. She presented other evidence, including the testimony of May, to confirm her testimony. The court determined that those facts had been established.

If, as the court determined in the partition suit, Wise and McDaniel agreed that McDaniel could live on the property until his death, on what basis would she be entitled to rent for that period?

As a general rule, where a co-tenant uses the common property to the exclusion of his co-tenants, he is accountable to the co-tenants for more than his just share or proportion, measured by the fair rental value of the property. However, this rule is subject to a number of exceptions. A court may not award rent where the absent co-tenant has voluntarily left the property and the other co-tenant remains in possession to maintain and safeguard the property. So, too, a court will not award rent where the occupying co-tenant is in possession by agreement of all the co-tenants. See, generally, 5A M.J., *Co-tenancy*, § 22 and § 24; also see Virginia Code § 8.01-31.

In view of the facts of the case, which were decided in the partition suit and cannot be reconsidered, Wise is not entitled to rent. According to her own testimony under oath in that previous litigation, she and McDaniel agreed that because of his health and age, he could live on the property until his death.

Therefore, the heirs' plea of res judicata is sustained, their motion for summary judgment is granted, and the claim is dismissed.

### Other Matters

Because Wise's claim is barred by the doctrine of res judicata for the reasons discussed above, the court finds it unnecessary to decide the other arguments, including the pleas of the statute of limitations, asserted by the estate and the heirs.